Case 4:15-cv-00387   Document 24   Filed in TXSD on 02/09/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALENTIN AYALA-GUTIERREZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-0387 |
| § | |
| DIANA E. JACKSON, *ET AL.*, § | |
| § | |
| *Defendants.* § | |

**ORDER OF DISMISSAL**

Plaintiff, a former pretrial detainee at the Joe Corley Detention Facility ("JCDF") in Montgomery County, Texas, filed this *pro se* section 1983 lawsuit against an unnamed classification case manager, security major, gang intelligence officer, and health care provider at the JCDF. Plaintiff states that the defendants were employees of GEO Group, Inc., at the time of the incidents made the basis of this lawsuit.

Having reviewed the complaint, the record, and the applicable law, the Court DISMISSES this lawsuit for failure to state a viable claim, as follows.

*Background and Claims*

Plaintiff reports that, on or about October 12, 2012, he was temporarily transferred from state prison to the JCDF for court proceedings on pending federal criminal charges. He states that, upon his arrival, he "informed [two defendants] of his Gang Status, possible discrepencies [*sic*] with Gang members," but was nonetheless placed in general population housing. (Docket Entry No. 1, p. 4). A few hours later, he was attacked by several gang

members and sustained physical injuries. He raises claims for deliberate indifference to his safety needs, failure to protect, and deliberate indifference to his serious medical needs following the assault. He seeks declarative and general relief.[1]

### Claims Under Section 1983

At the time plaintiff alleges he was injured and his constitutional rights violated, he was a federal prisoner housed at the JCDF. The JCDF is a privately-operated detention facility for federal inmates managed by GEO.[2] GEO is a private corporation. *See Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 414 (5th Cir. 2013). GEO and its employees are not subject to suit as state actors under section 1983, because JCDF is a federal prison and section 1983 applies to constitutional violations by state, rather than federal, officials. *Id*., at 414–15. Accordingly, plaintiff's claims against the defendants fail to raise a colorable claim for which relief can be granted against them under section 1983, and the claims are DISMISSED WITHOUT PREJUDICE to being pursued in state court.

### Bivens Claims

Arguably, plaintiff's allegations could be construed as a lawsuit filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* established that, in certain circumstances, "the victims of a constitutional violation

---

[1] His additional request for injunctive relief would appear to be related to his deliberate indifference claims against a state prison health care provider. Those claims are pending in the Eastern District, Lufkin Division.

[2] *See Vargas v. Joe Corley Detention Facility*, 2012 WL 6042201 (S.D. Tex. Dec. 4, 2012).

by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980).  That is, *Bivens* provides a damages remedy for individuals whose civil rights have been violated by persons acting under color of federal law.

To state a viable *Bivens* claim, plaintiff must show that federal actors have deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  However, no implied private right of action exists, pursuant to *Bivens*, for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law.  *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70–73 (2001); *Eltayib*, 533 F. App'x at 414.  Plaintiff's claims against the defendants complain of types of conduct that typically fall within the scope of traditional state tort law, such as negligence.  Therefore, to the extent plaintiff seeks damages from GEO and its employees, he fails to state a federal claim upon which relief may be granted.  *See Minneci v. Pollard*, ___ U.S. ___, 132 S. Ct. 617, 626 (2012) (holding that where a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, the prisoner must seek a remedy under state tort law).  Plaintiff's claims against the defendants fail to raise a colorable claim for which relief can be granted against them under *Bivens*, and the claims are DISMISSED WITHOUT PREJUDICE to being pursued in state court.

*Conclusion*

Plaintiff's claims are DISMISSED WITHOUT PREJUDICE to being pursued in a timely manner in a state court of appropriate jurisdiction. Any and all pending motions are DENIED AS MOOT.

Plaintiff is reminded that the period of limitations to file his state law claims in state court is TOLLED for a period of thirty days after the claims are dismissed in this instant proceeding, unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d).

Signed at Houston, Texas on February 9, 2016.

_____
Gray H. Miller
United States District Judge